UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DOROTHY WHITE                                    CIVIL ACTION

versus                                           No. 06-3965

SANITORS SERVICES, INC.                          SECTION:  I/1


<u>ORDER AND REASONS</u>

Before the Court is defendant's motion to stay and compel arbitration.[1]  For the following reasons, defendant's motion is **GRANTED**.

*Background and Analysis*

Plaintiff, Dorothy White, was hired on November 4, 2005, by defendant, Sanitors Services, Inc. ("Sanitors"), to perform housekeeping work.[2]  She signed a written employment application on that date which contains a clause for "binding mandatory arbitration."  In pertinent part, the clause states, "By signing this application, applicant agrees that any dispute, claim or controversy arising out of or related in any way to this application, or related in any way to applicant's employment with

_____

[1]Rec. Doc. No. 6-1.

[2]Rec. Doc. No. 6-3, pp. 21-22.

Sanitors, shall be submitted to and resolved by binding arbitration with [the] American Arbitration Association."[3]  On April 25, 2006, plaintiff was discharged by Sanitors.  Defendant cited excessive absenteeism and insubordination as the reasons for plaintiff's termination.[4]  Plaintiff alleges, in her reply memorandum to defendant's motion, that she was wrongfully terminated because she reported "problems of discrimination" to management.[5]

On July 28, 2006, plaintiff filed her complaint in this matter *pro se* following the termination of her employment by Sanitors.[6]  On September 6, 2006, defendant filed the present motion to stay the proceeding and compel arbitration.[7]

The Federal Arbitration Act ("FAA") applies to written arbitration provisions contained in contracts involving commerce and "its reach is coextensive with the Congressional power to regulate under the Commerce Clause." *Prescott-Follett & Assocs. v. Delasa/Prescott Follett & Assocs.*, 2002 U.S. Dist. LEXIS 21988, at *6 (E.D. La. Nov. 8, 2002) (Africk, J.) (quoting *Trapp Chevrolet-Oldsmobile-Cadillac, Inc. v. General Motors Corp.*, 2002 U.S. Dist. LEXIS 10412, at *2 (E.D. La. May 31, 2002) (Porteous,

---

[3]Rec. Doc. No. 6-3, p. 22.

[4]Rec. Doc. No. 1-1, p. 3.

[5]Rec. Doc. No. 8, p. 3.

[6]Rec. Doc. No. 1-1, p. 2.

[7]Rec. Doc. No. 6-1.

J)).  Specifically, Section 2 of the FAA provides:

> A written provision in any maritime transaction or a
> contract evidencing a transaction involving commerce to
> settle by arbitration a controversy thereafter arising
> out of such contract or transaction, or the refusal to
> perform the whole or any part thereof, or an agreement in
> writing to submit to arbitration an existing controversy
> arising out of such a contract, transaction, or refusal,
> shall be valid, irrevocable, and enforceable, save upon
> such grounds as exist at law or in equity for the
> revocation of any contract.

9 U.S.C. § 2.

The U.S. Supreme Court has interpreted the term "involving commerce" in the FAA as the functional equivalent of the more familiar term "affecting commerce," words of art that ordinarily signal the broadest permissible exercise of Congress' Commerce Clause power.  *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56, 123 S. Ct. 2037, 2040, 156 L. Ed. 2d 46 (2003).

In this case, neither party has disputed that the employment contract in question involves commerce for purposes of the FAA.[8] It is also undisputed that the plaintiff's signed employment contract contains a written arbitration provision.  Therefore, the

---

[8]While the Court acknowledges that plaintiff in this case appears *pro se*, the Court is satisfied that the "involving commerce" requirement is satisfied.  *See*, *e.g.*, *Alafabco*, 539 U.S. at 57-58, 123 S. Ct. 2040-41 (stating that Congress's Commerce Clause power may be exercised in individual cases where, in the aggregate, the economic activity in question would represent a general practice subject to federal control); *Brown v. Terminix Intern. Co.*, *L.P.*, 2006 WL 181678, at *4 (S.D. Ala. Jan. 24, 2006) (finding, in an employment contract containing an arbitration clause, that the activities of Terminix, a national company with branch offices throughout the U.S., "involve commerce" sufficient to meet the expansive requirement of *Alafabco*).  Here, Sanitors' corporate office is located in Texas and it has regional offices throughout the country from which it does business.  Rec. Doc. No. 6-1, p. 2.

FAA governs this Court's determination of the arbitrability of this dispute.

As this Court has previously stated in *Prescott-Follett*, 2002 U.S. Dist. LEXIS 21988, at *9-10, the FAA expresses a strong presumption favoring arbitration of disputes and "all doubts concerning the arbitrability of claims should be resolved in favor of arbitration." *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002). "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217-18, 105 S. Ct. 1238, 1241, 84 L. Ed. 2d 158 (1985)(emphasis added). In determining whether the parties should be compelled to arbitrate a dispute, the Court performs a two-step inquiry. *Primerica*, 304 F.3d at 471. "First, the court must determine whether the parties agreed to arbitrate the dispute.[9]  Once the court finds that the parties agreed to arbitrate, it must consider whether any federal statute or policy renders the claims

---

[9]This determination involves two considerations: 1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement. *Primerica*, 304 F.3d at 471.  When deciding whether the parties agreed to arbitrate the dispute in question, "courts generally ... should apply ordinary state-law principles that govern the formation of contracts." *Webb v. Investacorp*, 89 F.3d 252, 258 (5th Cir. 1996) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943, 115 S. Ct. 1920, 1924, 131 L. Ed. 2d 985 (1995)).

nonarbitrable." *Id.*  In conducting this two step analysis, courts must not consider the merits of the underlying action.  *Id.*

Here, the employment contract signed by plaintiff contains an arbitration clause requiring that "any dispute, claim or controversy arising out of or related in any way to this application, or related in any way to applicant's employment with Sanitors, shall be submitted to and resolved by binding arbitration with [the] American Arbitration Association."[10]  Defendant also asserts that plaintiff is bound by the separate mandatory arbitration agreement contained in the Sanitors' Employee Handbook.[11]  However, defendant has only provided the Court with an unsigned employee acceptance form for the handbook,[12] and plaintiff denies ever having been given or seen the handbook.[13]

Applying state law contract principles to determine whether the parties have agreed to arbitrate this dispute, the Court finds that the arbitration agreement within the employee handbook cannot require arbitration here.  "A contract is formed by the consent of the parties established through offer and acceptance."  La. Civ.

---

[10]Rec. Doc. No. 6-3, p. 22.

[11]Rec. Doc. No. 6-1, pp. 1-2.

[12]Rec. Doc. Doc. 6-3, p. 18.  The "Employee's Acceptance" form states that the employee has received the handbook and understands that he/she has a responsibility to become familiar with it.  The acceptance form in the court record contains neither plaintiff's name nor her signature.  The Court also notes that this form contains specific instructions that the (signed) form is to be included in the employee's personnel file.  *Id.*

[13]Rec. Doc. No. 8, p. 3.

Code art. 1927.  There is no evidence that plaintiff received the employee handbook containing the arbitration agreement, much less evidence that she consented to it.  Therefore, plaintiff cannot be bound by the handbook's arbitration agreement.

In contrast, plaintiff signed the employment application and agreed to bind herself to the arbitration clause contained within that application.  Therefore, the employee application's arbitration clause constitutes a valid agreement to arbitrate between the parties.

Given the broad scope of the arbitration clause, it is appropriate to stay the proceeding so the arbitrator may determine if the dispute falls within that clause, and then proceed with arbitration if so.  *Prescott-Follett*, 2002 U.S. Dist. LEXIS 21988, at *11 n.23.  A stay of these proceedings to compel arbitration is, therefore, appropriate unless there is a federal statute or policy that renders the claims nonarbitrable.

Employment contracts, except for those covering workers engaged in transportation, are covered by the FAA.  *EEOC v. Waffle House, Inc.*, 534 U.S. 279, 289, 122 S. Ct. 754, 761, 151 L. Ed. 2d. 755 (2002).  The Fifth Circuit has held that civil rights claims in the employment context can be subjected to compulsory arbitration.  *Alford v. Dean Witter Reynolds, Inc.*, 939 F.2d 229, 230 (5th Cir. 1991).  Therefore, claims of employment discrimination such as those brought here may be subjected to arbitration.  The Court is

-6-

aware of no federal law or policy to the contrary, and neither party has argued otherwise. Plaintiff's claims must be submitted to arbitration.

Accordingly,

**IT IS ORDERED** that defendant's motion to stay the proceeding and compel arbitration[14] is **GRANTED**.

**IT IS FURTHER ORDERED** that the claims of plaintiff, Dorothy White, shall be submitted to arbitration, in accordance with the employment application agreement.[15]

**IT IS FURTHER ORDERED** that this case **BE AND HEREBY IS STAYED PENDING ARBITRATION**. The Clerk of Court shall mark this action closed for statistical purposes.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction and the matter shall be restored to the trial docket following the motion of a party filed within thirty (30) days of any change of circumstances. This order shall not prejudice the rights of the parties to this litigation.

New Orleans, Louisiana, October ___24th___, 2006.

                                  _____
                                  LANCE M. AFRICK
                                  UNITED STATES DISTRICT JUDGE

---

[14]Rec. Doc. No. 6-1.

[15]Rec. Doc. No. 6-3, p. 22.

-7-