# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DOROTHY WHITE** | **CIVIL ACTION** |
| **VERSUS** | **No. 06-3965** |
| **SANITOR SERVICES, INC.** | **SECTION I** |

## ORDER AND REASONS

Before the Court is a motion[1] to reinstate case filed by plaintiff, Dorothy White ("White"), *pro se*. Defendant, Sanitor Services, Inc. ("Sanitor"), has filed an opposition.[2] For the following reasons, the motion is **DENIED.**

### *BACKGROUND*

On July 28, 2006, White filed this lawsuit asserting allegations of employment discrimination.[3] On October 25, 2006, this Court granted defendant's motion to stay the proceeding and compel arbitration.[4] The Court held that plaintiff had agreed to "binding mandatory arbitration" by signing a written employment application which provided, "By signing this application, applicant agrees that any dispute, claim or controversy arising out of or related in any way to this application, or related in any way to applicant's employment with Sanitors, shall be submitted to and resolved by binding arbitration with [the] American Arbitration Association."[5]

On October 27, 2006, plaintiff filed a motion for leave to file a lawsuit against defendant for discrimination.[6] This Court denied plaintiff's motion pursuant to its order staying the case pending arbitration.[7]

---

[1] R. Doc. No. 13.
[2] R. Doc. No. 14.
[3] R. Doc. No. 1.
[4] R. Doc. No. 10.
[5] *Id.*
[6] R. Doc. No. 11.

1

On October 7, 2007, the arbitrator granted summary judgment against plaintiff and dismissed her claims.[8] The arbitrator noted several procedural deficiencies with White's claims, including the fact that she failed to file a charge with the Equal Employment Opportunity Commission ("EEOC"), and she did not provide notice as required by statute.[9] The arbitrator also held that White failed to state a *prima facie* case for race discrimination.[10] The arbitrator explained that White could not show that she suffered an adverse employment action, that others similarly situated were treated more favorably, or that she was replaced by a white person.[11]

White did not move to dispute the arbitrator's decision for nearly five years. On July 27, 2012, however, plaintiff filed this motion to reinstate her case.[12] Plaintiff explains only that, "I am asking the Court to look at the case because arbitration moved it out of the court [and] I was not please[d]."[13] Sanitor responds that plaintiff has not pled any facts establishing a right to appeal the arbitrator's award.[14] Sanitor also asserts that the time period for filing an appeal has expired.[15]

## *LAW AND ANALYSIS*

A valid and final arbitration award has the same *res judicata* effect as the judgment of a court. *Stoker v. Trimas Corp.*, No. 11–41154, 2012 WL 2505512, at *1 (5th Cir. June 29, 2012) (unpublished) (citing *U.S. Postal Serv. v. Gregory*, 534 U.S. 1, 16 & n.2, 122 S. Ct. 431, 151 L. Ed. 2d 323 (2001) (Ginsburg, J., concurring); *see also Nelson v. AMX Corp.*, 2005 WL 2495343, at *6 (N.D. Tex. Sept. 22, 2005), *aff'd* 227 Fed. App'x 363 (5th Cir. 2007) (citing *Pike v.*

---

[7] R. Doc. No. 12.
[8] R. Doc. No. 14-1.
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] R. Doc. No. 13.
[13] *Id.*
[14] R. Doc. No. 14.
[15] *Id.*

*Freeman*, 266 F.3d 78, 89 (2d Cir. 2001) ("Arbitration is not a trial run in which a party may sit quietly by without raising pertinent issues, wait to see if the result is in his favor and then seek judicial relief as an afterthought.")). "Any post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (quoting *Sea-Land Service, Inc. v. Sea-Land of P.R., Inc.*, 636 F. Supp. 750, 757 (D. Puerto Rico 1986)); *See* 9 U.S.C. §§ 9-12. To the extent that a party seeks to challenge or appeal an arbitral award, the Federal Arbitration Act provides, "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. Because the claims asserted in this action were decided in arbitration nearly five years ago and were not appealed within the three month statute of limitations, plaintiff has not shown that this lawsuit should be reinstated.

## *CONCLUSION*

For the foregoing reasons,

**IT IS ORDERED** that the motion to reinstate case is **DENIED**.

New Orleans, Louisiana, August 23, 2012.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**